McIneres agt. Hogan.

---

## N. Y. COMMON PLEAS.

### WILLIAM McINERES agt. JOHN HOGAN.

*Agreement to lease — Specific performance — action to compel execution of — Part performance — Proof required to entitle party to a decree of specific performance.*

Where plaintiff sues to compel defendant to execute and deliver a lease of certain premises in the city of New York, for the period of four years, from May 18, 1881, upon the ground of part performance of an agreement to lease, and defendant claims that the plaintiff was in possession under an oral lease for one year:

*Held,* that the rule being that the contract must be established by competent proofs, and be clear, definite and certain, the preponderance, with the conflict of evidence, is with the defendant; and, therefore, the possession of the plaintiff, as it may have been taken under a letting for a year, cannot be held to be a part performance of the contract alleged by him; nor could the improvements upon the premises be a part performance, as they were not made in pursuance of any provision of the agreement.

*Equity Term, June,* 1881.

*Lindsay & Flammer* and *Gratz Nathan,* for plaintiff.

*Chauncey S. Truax,* for defendant.

McIneres agt. Hogan.

BEACH, J. — It seems to me now, as it did upon the trial, that the controlling questions in this case arise from the wide divergence between the witnesses for the respective parties. Upon behalf of the plaintiff the evidence tends to establish the letting to have been for four years and two months, and for the defendant, that it was for fourteen months. Upon a review of the proofs, I am of the opinion that the preponderance is with the defendant. The plaintiff has not proved the agreement alleged by him with the certainty required by a court of equity. The rule is, that the contract must be established by competent proofs, and be clear, definite and certain (1 *Story's Eq. Juris.*, sec. 764; *Lobdell* agt. *Lobdell*, 36 *N. Y. R.*, 327; *Parkhurst* agt. *Van Cortlandt*, 1 *Johns. Ch.*, 273).

With the conflict of evidence it would be difficult to hold the possession of the plaintiff a part performance of the contract alleged by him, because it may as well have been taken under the one urged by the defendant (*Phillips* agt. *Thompson*, 1 *Johns. Ch.*, 131). Neither could the improvements upon the premises be a part performance, as they were not made in pursuance of any provision of the agreement. In *Wright* agt. *Packet* (22 *Grattan*, 374), the requisites to a decree on this ground are thus enumerated: First. The parol agreement relied on must be certain and definite in its terms. Second. The act proved in part performance must refer to, result from, or be made in pursuance of, the agreement proved. Third. The agreement must have been so far executed that a refusal of full execution would operate a fraud upon the party, and place him in a situation which does not lie in compensation.

In conclusion, I am of opinion that the plaintiff must fail, the weight of evidence being with the defendant as to the terms of the contract.

Decree for the defendant, with costs.